UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY GRAHAM,

    Plaintiff,

v.

                                  Case No. 25-cv-13419
                                  Hon. Matthew F. Leitman

TRINITY HEALTH CORP. *et al*,

    Defendants.

_____/

## ORDER DENYING IN PART PLAINTIFF'S MOTION FOR EMERGENCY EX PARTE TEMPORARY RESTRAINING ORDER AND DIRECTING FURTHER PROCEEDINGS ON MOTION (ECF No. 4)

In this action, *pro se* Plaintiff Corey Graham alleges, among other things, that Defendants wrongfully terminated his employment and imposed a trespass notice against him that has prevented him from receiving medical care at Defendants' healthcare facilities. (*See* Compl., ECF No. 1.)

Now before the Court is Graham's motion for an emergency *ex parte* temporary restraining order. (*See* Mot., ECF No. 4.) In the motion, Graham asks the Court to suspend Defendants' trespass notice and prevent Defendants from contacting the police regarding violations of that notice, to order Defendants to preserve all evidence relevant to his claims, and to reinstate him to his previous position "with full pay, seniority, and benefits." (*Id.*, PageID.73-75.) Defendants have not been served with the Summons, the Complaint, or Graham's motion, nor

1

have Defendants been notified of the motion.  To the extent that the motion seeks *ex parte* relief, the motion is **DENIED**.

Under Federal Rule of Civil Procedure 65(b)(1), a court may issue "a temporary restraining order without written or oral notice to the adverse party" only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) the moving party certifies "efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. Proc. 65(b)(1)(A)-(B).  Here, Graham has not persuaded the Court that "immediate and irreparable injury" will occur before Defendants can be heard in response to the motion.  He is therefore not entitled to *ex parte* relief.

Graham has not simply shown that the relief he seeks is essential to prevent imminent injury.  For example, as noted above, Graham asks the Court to enjoin the Defendants from enforcing the trespass notice and to prevent Defendants from contacting the police if Graham enters Defendants' property to seek medical care from the Defendants.  But as Graham acknowledges (*see* Mot., ECF No. 4, PageID.59), the trespass notice itself contains a carve-out that allows Graham to seek medical care at Defendants' facilities.  And while Graham harbors concerns about the efficacy of the carve-out, Graham has not yet convinced the Court that the carve out is ineffective.  Moreover, Graham has not shown that medical care in unavailable

2

elsewhere from other providers during the small window of time that would pass before Defendants could be heard on his motion.  Graham also seeks an order preventing Defendants from destroying or otherwise altering evidence, but Graham has not yet shown how existing rules and sanctions are insufficient to dissuade Defendants from spoliating evidence.  Finally, Graham seeks reinstatement to his job, but any injuries from Graham's alleged wrongful discharge could be fully compensated through an award of monetary damages at the conclusion of trial.

One additional factor persuades the Court that *ex parte* relief is not appropriate.  Graham's dispute with the Defendants has been ongoing for several months, but he did not file his motion for emergency, *ex parte* relief until October 27.  That suggests that any modest delay from allowing Defendants to respond to the motion would not result in irreparable harm to Graham.

Accordingly, for all of the reasons explained above, to the extent Graham seeks *ex parte* relief, his motion is **DENIED**.  The Court will consider Graham's motion as one seeking a preliminary injunction, and it will issue injunctive relief, if at all, only after Graham's motion is served on the Defendants and the Defendants are given a fair opportunity to respond to the motion.  To ensure that this action moves forward with reasonable speed, at the same time that the Court issues this order, the Court will issue additional orders (1) granting Graham's application to proceed *in forma pauperis* in this action and (2) directing Graham to file certain

documents and information with the Clerk of the Court so that Defendants may be served with the Summons, the Complaint, and Graham's motion. Once Defendants are served, the Court will adopt a schedule for expedited briefing on Graham's motion and will rule on the motion forthwith.

**IT IS SO ORDERED.**

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: November 6, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 6, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126