UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY GRAHAM,

Plaintiff,

Case No. 25-cv-13419
Hon. Matthew F. Leitman

v.

TRINITY HEALTH CORP. *et al*,

Defendants.

______________________________________________/

**ORDER (1) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS (ECF No. 43) TO REPORT AND RECOMMENDATION (ECF No. 42); (2) ADOPTING IN PART RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION; (3) GRANTING IN PART AND DENYING IN PART DEFENDANT TRINITY HEALTH CORPORATION'S MOTION TO DISMISS (ECF No. 9) AND (4) GRANTING THE HARTFORD DEFENDANTS' MOTION TO DISMISS (ECF No. 33)**

*Pro se* Plaintiff Corey Graham is a former employee of Defendant Trinity Health Corporation ("Trinity"). In this action, Graham alleges that Trinity discriminated and retaliated against him and interfered with his rights under several federal and state laws, including the American with Disabilities Act (the "ADA") and the Family and Medical Leave Act of 1993 (the "FMLA"). (*See* Compl., ECF No. 1.) Graham also brings claims against Defendants The Hartford Financial Services, Group, Inc. and The Hartford Life and Accident Insurance Company ("Hartford Life") (collectively, the "Hartford Defendants"). Graham says that the

Hartford Defendants "contracted with Trinity to manage FMLA and Short-Term Disability claims," and he alleges that the Hartford Defendants, among other things, wrongly interfered with his ability to take protected leave. (*Id.* at ¶¶ 1, 10-11, PageID. 1, 3-4.) In sum, "Graham pleads 20 different [C]ounts [against the Defendants], including, *inter alia*, claims under the ADA, the FMLA, [the Employee Retirement Income Security Act], and Michigan statutory and common law." (Report and Recommendation, ECF No. 42, PageID.452.)

Now pending before the Court are two motions to dismiss. Trinity has moved to dismiss 13 of Graham's 20 claims that he brought against it (*see* Mot., ECF No. 9); the Hartford Defendants have moved to dismiss all of Graham's claims brought against them (*see* Mot., ECF No. 33). On August 5, 2026, the assigned Magistrate Judge issued a report and recommendation in which he recommended that the Court (1) grant in part and deny in part Trinity's motion and (2) grant the Hartford Defendants' motion in its entirety (the "R&R"). (*See* R&R, ECF No. 42.)

Trinity has not filed objections to those portions of the R&R that were adverse to it. So the Court will **ADOPT** those parts of the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Ivey v. Wilson*, 832 F.2d 950, 957 (6th Cir. 1987) (explaining that where party fails to file "timely objections" to report and recommendation, court may accept that recommendation "[w]ithout expressing any view on the merits of the magistrate's conclusions").

Graham has filed timely objections to the R&R. (*See* Objs., ECF No. 43.) In the objections, Graham "does not seek wholesale consideration of the R&R. Rather, [he] objects to four discrete recommendations." (*Id.*, PageID.488.) The Court will discuss those four recommendations and Graham's objections to the recommendations in detail below. The Hartford Defendants filed a response to Graham's objections on August 31, 2026. (*See* Resp., ECF No. 45.) Trintiy has not filed any response to the objections.

The Court has carefully reviewed the R&R, Graham's objections, and the Hartford Defendants' response, and it rules on the objections below.

**I**

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party does not object. *See Thomas*, 474 U.S. at 149. The Court therefore will limit its analysis to the four discrete recommendations that Graham identified in his objections. In addition, the Court **ADOPTS** the recommended disposition of the portions of the R&R to which Graham has not objected.

## II

Graham has raised four enumerated objections. (*See* Objs., ECF No. 43.) For the reasons explained below, the Court sustains Graham's first two objections and overrules his third and fourth objections.

### A

The Court begins with Graham's first objection. In that objection, Graham objects to the recommendation that the Court dismiss his ADA interference claim against Trinity pleaded in Count IV of the Complaint. (*See id.*, PageID.489-492.) The Court **SUSTAINS** that objection and declines to dismiss Graham's ADA interference claim.

Graham titled Count IV of his Complaint "Coercive and Interfering Conduct (ADA) (42 U.S.C. § 12203(b); 29 C.F.R. § 1630.12(b))." (Compl., ECF No. 1, PageID.12.) In that Count, Graham identified several ways in which he says Trintiy interfered with his ability to take leave under the ADA. (*See id.* at ¶¶ 65 – 77, PageID.12-15.) Trinity moved to dismiss this claim on the basis that "[t]here is no such claim as 'coercive and interfering conduct' pursuant to the ADA." (Mot., ECF No. 9, PageID.143.) The Magistrate Judge agreed and recommended dismissing the claim on that basis. (*See* R&R, ECF No. 42, PageID.466.)

In his objections, Graham objects that his claim should not be dismissed on that basis because it rests upon the express "statutory prohibition" in Section 12203(b) of the ADA, 42 U.S.C. § 12203(b) ("Section 12203(b"). The Court agrees.

Section 12203(b) – which the Sixth Circuit has identified as the "interference provision" of the ADA – "makes it 'unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of' an ADA-protected right." *Post v. Trinity Health-Michigan*, 44 F.4th 572, 574 (6th Cir. 2022) (quoting 42 U.S.C. § 12203(b)). And that is what Graham alleges Trinity did. Thus, he has pleaded an ADA violation.

The Court therefore **SUSTAINS** this objection and declines to dismiss Graham's ADA interference claim against Trinity in Count IV of the Complaint.

**B**

Next, Graham objects to the recommendation that the Court dismiss his conspiracy claim against Trintiy that he pleaded in Count XVIII of the Complaint. (*See id.*, PageID.492-495.) He argues that the Court should not dismiss that claim because Trinity did not move to dismiss it. (*See id.*) The Court agrees and **SUSTAINS** this objection.

In his Complaint, Graham brought his conspiracy claim against all of the Defendants. The Hartford Defendants moved to dismiss the claim; Trinity did not. In the R&R, the Magistrate Judge explained that the claim failed as to the Hartford

Defendants because "Graham failed to plead any actionable tort committed by the Hartford Defendants." (R&R, ECF No. 42, PageID.485.) The Magistrate Judge recommended that the "claim should be dismissed as to Trinity" for the same reasons. (*Id.* at fn. 9, PageID.453.)

It is not immediately apparent to the Court that the conspiracy claim against Trinity fails for the same reason that it failed against the Hartford Defendants. As noted above, the claim against the Hartford Defendants failed because there were no remaining underlying claims against the Hartford Defendants. But there are remaining claims against Trinity, including tort claims. Thus, the Court declines to dismiss the conspiracy claim against Trinity for the same reason that it dismisses the claim against the Hartford Defendants.[1]

For all of these reasons, the Court **SUSTAINS** this objection and declines to dismiss Graham's conspiracy claim against Trinity.

**C**

Graham next objects to the Magistrate Judge's recommendation that the Court dismiss his hostile work environment claim in Count V of the Complaint. (*See* Objs., ECF No. 43, PageID.495-499.) The Magistrate Judge recommended dismissing that

---

[1] The Court recognizes that in light of the Court's conclusion that the conspiracy claim against the Hartford Defendants fails as a matter of law, there may be no party, entity, or person with whom Trinity could have conspired. But Trinity has not made that argument or moved to dismiss based on that argument. The Court therefore declines to dismiss the conspiracy claim against Trinity on that basis at this time.

claim because Graham failed to exhaust the claim by first raising it with the Equal Employment Opportunity Commission (the "EEOC") before filing this action. (*See* R&R, ECF No. 42, PageID.461-465.) Graham acknowledges that he did not expressly raise the claim in his EEOC charge. (*See* Objs., ECF No. 43, PageID.496-497.) But he nonetheless argues that the EEOC should have been on notice that he was raising such a claim based on the allegations he raised in the EEOC charge. The Court disagrees.

As the Magistrate Judge correctly explained, in order to bring a hostile work environment claim under the ADA, a plaintiff "must first exhaust [his] administrative remedies before bringing [his] claim and, in order to do so, [he] must file the claim in an EEOC 'charge.'" *Pemberton v. Bell's Brewery, Inc.*, 150 F.4th 751, 761 (6th Cir. 2025). Where, as here, a claim is not expressly raised in the EEOC charge, it is exhausted only where it could be "reasonably expected to grow out of the EEOC charge." *Id.* As the Sixth Circuit has explained:

> The second basis for our review asks whether, notwithstanding the absence of an explicit filing, the EEOC submission included "facts related" to a claim that the employee did properly charge. The question is whether those reasonably related facts "would prompt the EEOC to investigate a different, uncharged claim." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). This softens the explicit filing requirement in recognition that "aggrieved employees—and not attorneys—usually file charges with the EEOC," and "*pro se* complaints are construed liberally." *Id.* at 361–62; *see also Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)

> (recognizing "laypersons, rather than lawyers, are expected to initiate the process").
>
> But even *pro se* parties have obligations they must meet under the "facts related" approach. In *Younis*, for example, we held against a pro se employee who tried to bring a hostile-work-environment claim in federal court after only citing facts to support disparate treatment in his EEOC charge of discrimination without explicitly stating that claim in the charge. *See* 610 F.3d at 362. The employee failed to show harassment unreasonably interfered with his work and created an objectively hostile environment, offering "only discrete acts of alleged discrimination, limited to three or four isolated comments by his peers that occurred over a three-year period." *Id.* We held that this "evidence, cited in an EEOC charge to support a claim of disparate treatment, [did] not also support a subsequent, uncharged claim of hostile work environment." *Id.*

*Id.* at 761-762.

Here, Graham did not do enough to raise his hostile work environment claim with the EEOC. His EEOC charge, read a whole, is best understood to raise claims of discrimination and retaliation, not a hostile work environment. The closest Graham comes in the charge to alleging a hostile work environment is claiming that he had a "conflict" with a coworker, that he repeatedly "reported" that conduct to his supervisors, and that his supervisors refused to address the issue. (EEOC Charge, ECF No. 9-1, PageID159-160.) But Graham provided no details about the harassing employee, such as the frequency of the harassment, the type of harassment, or any other specific details that would have led the EEOC to conclude that it needed to investigate an uncharged claim of hostile work environment. Nor did Graham even

allege that the harassment related in any way to his disability under the ADA. The Court therefore agrees with the Magistrate Judge that Graham's EEOC charge did not "allege sufficient facts to support a hostile environment claim." (R&R, ECF No. 42, PageID.464.)

For all of these reasons, Graham's third objection is **OVERRULED**.

**D**

In Graham's fourth and final objection, he objects to the Magistrate Judge's recommendation that the Court dismiss his FMLA claims against Hartford Life. (*See* Objs., ECF No. 499-503.) The Magistrate Judge explained that "an FMLA claim is cognizable only against an employer," and the Magistrate Judge concluded that Graham had not plausibly alleged that Hartford Life, as opposed to Trinity, was his employer. (R&R, ECF No. 43, PageID.458-459.) In his objections, Graham argues that he sufficiently alleged that Hartford Life was his joint employer with Trinity. In support of that contention, Graham relies on the following allegations in his Complaint:

> 1. Trinity directed Plaintiff to Hartford when he sought reinstatement of his requested 4×10 accommodation;
>
> 2. Defendants mischaracterized Plaintiff's requested 4×10 schedule as a 4×8 "reduced schedule";
>
> 3. Hartford, acting as Trinity's agent, created overlapping and retroactive leave claims, double-charged Plaintiff's FMLA bank, and through its accounting represented Plaintiff's remaining FMLA entitlement as having been

> reduced to approximately 4.03 weeks in less than two months; and
>
> 4. Trinity and Hartford jointly mismanaged and misallocated Plaintiff's leave, including by double-charging hours, treating ADA-related schedule adjustments as FMLA absences, and allegedly representing that protected entitlement had been depleted.

(Compl. at ¶¶ 18-22, ECF No. 1, PageID.5-6, 19.)

Those allegations fall far short of plausibly alleging that Hartford Life was Graham's employer. As another Judge on this Court has previously explained, under the ADA, "[a]n individual qualifies as an 'employer' ... if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing[,] or conditions of employment." *Milligan v. Greektown Casino, LLC*, 2022 WL 838956, at * 2 (E.D. Mich. Mar. 21, 2022). Here, none of Graham's allegations reach that level. At most, Graham alleges that Hartford Life was responsible for administering his FMLA benefits. But as the Magistrate Judge properly explained, "[c]ourts have generally recognized that FMLA claims cannot be brought against third-party benefits administrators that do not employ the plaintiff." (R&R, ECF No. 42, PageID.458; collecting cases). And to the extent that Graham alleges that Hartford Life acted in a joint capacity with Trinity, those allegations are merely conclusory.

Finally, Graham asks for leave to amend his Complaint to add additional allegations related to Hartford Life's "authority" over his employment. (Objs., ECF

No. 43, PageID.503.) But Graham has not persuaded the Court that an amendment could save his claims against Hartford Life. Indeed, Graham's request to amend is general and does not "state with particularity the grounds" for his proposed amendment. *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 854 (6th Cir. 2006) (affirming denial of leave to amend). Finally, Graham's request is procedurally improper because it does not attach a proposed amended pleading. *See id.* The Court therefore declines to grant Graham leave to amend.

**III**

For all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- Graham's objections to the R&R (ECF No. 43) are **SUSTAINED IN PART AND OVERRULED IN PART**;
- The recommended disposition of the R&R (ECF No. 42) is **ADOPTED IN PART**;
- The Hartford Defendants' motion to dismiss (ECF No. 33) is **GRANTED** and the claims against the Hartford Defendants are **DISMISSED**;
- Trinity's motion to dismiss (ECF No. 9) is **GRANTED IN PART AND DENIED IN PART** as set forth above and in the R&R. Following the resolution of that motion, the following Counts against

Trintiy remain in this case: Counts I, II, III, IV, VII, VIII, IX, XVIII, XIX, and XIV.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 28, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126